**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB, INC., AS BROADCAST LICENSEE OF THE SEPTEMBER 18, 2004, DE LA HOYA/HOPKINS EVENT, | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION H-07-CV-2959 |
| MAYRA JUDITH MEZA, INDIVIDUALLY, D/B/A/ EL PASO DEL NORTE BAR, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Pending before the court are the plaintiff's request for entry of default and motion for default judgment. Dkts. 5, 6. For the following reasons, the request and motion are GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Garden City Boxing Club, Inc. ("Garden City"), is a broadcast licensee who had the right to exhibit the championship boxing match between Oscar De La Hoya and Bernard Hopkins ("the Event") broadcast on September 18, 2004. Dkt. 1 at 2. Garden City was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, clubs, lounges, restaurants, and other commercial establishments throughout Texas. *Id.* at 2-3. Commercial customers could receive and broadcast the program only through contracts with Garden City. After receiving sublicense fees, Garden City provided these customers with electronic decoding equipment and the necessary satellite coordinates to receive the signal.

The defendant, Mayra Judith Meza, is the owner or manager of El Paso Del Norte Bar, a commercial establishment located at 222 Harbor, Houston, Texas 77020. The complaint alleges that Meza unlawfully intercepted Garden City's signal and exhibited the Event to customers in her

establishment[1] without having paid the required fees. It claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to those sections. Garden City served Meza with process on October 1, 2007, but to date Meza has not filed a responsive pleading in the case. Garden City now moves for entry of default and default judgment against Meza.

**DISCUSSION**

The record shows that Garden City properly served Meza with a copy of the summons and complaint in compliance with Federal Rule of Civil Procedure 4(e).[2] Dkt. 4. Further, though Garden City properly served Meza with a copy of the motion for default judgment by certified mail, return receipt requested,[3] Meza did not respond before the submission date.[4] Accordingly, the court grants Garden City's motion for entry of default.

Garden City seeks damages for violations of the Act pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii). Because the court grants a default judgment with respect to the defendant's liability under § 605, the Court will not consider damages under § 553. Even though the complaint alleges violations of § 553, it is not clear that damages resulting from one unlawful act of cable or satellite "piracy" are recoverable under both § 553 and § 605. The Fifth Circuit has not explicitly addressed whether a plaintiff can recover under both sections for the same action. *See Prostar v. Massachi*, 239 F.3d 669,

---

[1] The Affidavit of Betty M Garcia indicates that she observed approximately 10 people in the establishment during the broadcast of the Event. Dkt. 7, Ex. A at 39.

[2] The Return of Service indicates that the summons was served personally on the defendant within 120 days after the complaint was filed. Dkt. 4.

[3] *See* S.D. TEX. LOCAL RULE 5.6.

[4] *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 20 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996) for the proposition that a plaintiff may not recover under both sections). However, even the courts that have held that liability under § 553 and § 605 overlap often have chosen to impose liability under § 605 and not § 553. *See Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769 (S.D. Tex. July 25, 2002) (explaining that courts generally award damages under section 605 because it is more generous to plaintiffs). Therefore, the court will calculate Garden City's damages based upon Meza's liability for violating § 605(a). Judgment will be entered against Meza for damages and attorneys' fees calculated pursuant to § 605(e)(3)(C)(i)(II) and (C)(ii).

If the aggrieved party elects to take statutory damages as opposed to actual damages for violations of § 605(a), § 605(e)(3)(C)(i)(II) provides that "the person aggrieved may recover an award of statutory damages for each violation of subsection (a) . . . in a sum of not less than $1,000, or more than $10,000, as the court considers just . . . ." Pursuant to this section, Garden City has requested statutory damages in the amount of $10,000.00 against Meza. The court finds this amount of damages appropriate, particularly in light of the fact that Meza was a repeat offender.[5] The court therefore awards $10,000.00 in statutory damages to Garden City for Meza's violation of § 605(a).

Garden City also seeks an increase in damages pursuant to § 605(e)(3)(C)(ii) for the willful violation of § 605(a) "for purposes of direct or indirect commercial advantage." Because Meza has not contested the allegations of willfulness, and default judgment has been granted, the court considers Meza's actions to be willful and for the purpose of commercial advantage. "Based on the limited

---

[5] On October 23, 2007, the District Court for the 160th Judicial District of Dallas County entered summary judgment against Meza, in cause number DC-07-05044, for violating § 605(a) on October 2, 2004. Dkt. 7, Ex. E. Additionally, Garden City has a second suit pending against Meza, cause number H-07-CV-3993, for an alleged violation of § 605(a) on November 27, 2004. Dkt. 7, Ex. F.

methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance . . . courts have held conduct such as [intercepting satellite signals] to be willful and for the purposes of direct or indirect commercial advantage or private financial gain." *Al-Waha*, 219 F. Supp. 2d at 776.

Garden City requests that the court increase damages by $100,000.00. The court finds the requested increase to be excessive under the circumstances. While Meza has repeatedly intercepted satellite signals, Garden City directs the court's attention to the recent opinion of the 160th Judicial District of Dallas County entering default judgment against Meza. Dkt. 7, Ex. E. That opinion[6], dated October 23, 2007, awarded Kingvision Pay-Per-View, Ltd., the plaintiff in that case, the full $100,000.00 for violation of § 605(e)(3)(C)(ii). However, the purpose of this section is to deter future violations, not to put the defendant out of business. *Cf. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("Depending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business."). Accordingly, the court will increase the statutory damage amount for violating § 605(a) to $10,000.00 because the defendant is considered to have admitted willfulness, and to deter future violations of § 605(a). *See Al-Waha*, 219 F. Supp 2d at 776 ("The deterrence of future violations . . . is one of the objectives of the statute.").

Under the Act, the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). The court finds Garden City's request that attorneys' fees equal thirty-three and one-third percent of the statutory damages to be excessive. However, the court finds Garden City's alternative request of $1,000.00 for

---

[6] This opinion came three years after the violation currently before the court. The court has no reason to believe that the fine imposed by the state court is an insufficient deterrent.

attorneys' fees reasonable and orders Meza to pay Garden City $1,000.00 in attorneys' fees. Finally, the court awards Garden City post-judgment interest at the rate of 2.10% per annum.

## CONCLUSION

For the foregoing reasons, the court GRANTS Garden City's motions for entry of default and for default judgment. The court will enter a Final Judgment on this date.

Signed at Houston, Texas on February 29, 2008.

Gray H. Miller
United States District Judge